958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eva Patrick VERNER, Defendant-Appellant.
 No. 91-50408.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided March 23, 1992.
 
 Before POOLE, WIGGINS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Appellant, Eva Verner, pleaded guilty to one count of mail fraud and four counts of wire fraud. She was to serve concurrent 30-month sentences on three non-guidelines counts and concurrent 27-month sentences on two guidelines counts. In an amended order, the district court ordered that she be given credit for time served as of September 18, 1989. On January 15, 1991, however, the warden at the prison where she was held informed the district court that Verner was not transferred from serving a state sentence to federal custody until November 9, 1989, and therefore could not receive credit for time served on a state sentence.
 
 
 3
 She was released from a Lexington, Kentucky, federal correctional institution on December 3, 1991, and is under the supervision of the federal probation and parole office in Los Angeles. Appellant is on parole and must stay in California, unless the Georgia probation and parole office agrees to supervise appellant, as Appellant wishes. To date, the Georgia office has refused her requests because she does not have proof of a permanent residence in Georgia.
 
 
 4
 Appellant Verner seeks an order from this court to the Georgia Probation Office, forcing it to accept her for service of her parole in Georgia. Second, she wants credit for time served before September 18, 1989. This court has jurisdiction over the appeal on the issue of time credit pursuant to 28 U.S.C. § 1291. This court does not have jurisdiction to consider the issue of the site of her supervised release.
 
 
 5
 I. Credit for Time Served As of September 18, 1989
 
 
 6
 This issue might appear moot because appellant was released on December 3, 1991. However, the issue is not moot because if Verner violates her parole at any time she could be sent back to prison to serve the balance of her term.
 
 
 7
 Even if the issue is not moot, however, appellant does not have a claim because she is not entitled to credit served as of September 18, 1989. Under 18 U.S.C. § 3585, a federal prisoner is not entitled to time served on a state sentence. Subsection (b)(2) provides for credit for time served "as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence." In other words, Verner would be entitled to credit for time served in state custody IF that time had not been credited to her state sentence. She seeks credit on her federal sentence for time spent serving her state sentence. This is not permissible. Appellant was not in federal custody until November 9, 1989. She cannot receive credit for the time served in state custody prior to that date. We deny appellant's request for credit for time served in state custody.
 
 
 8
 II. Location of Appellant's Supervised Release
 
 
 9
 This court cannot address the issue of appellant's supervised release because it is currently before the district court. This court only has jurisdiction over final decisions of a district court. 28 U.S.C. § 1291. The United States Magistrate Judge issued an order to show cause regarding exhaustion of administrative remedies on July 19, 1991. The appellant has not yet responded as to why she has failed to exhaust her administrative remedies in this issue. This court, therefore, does not have jurisdiction to consider this issue.
 
 
 10
 In light of our decision in this case, appellant's Motion for Temporary Restraining Order/Injunctive Relief and Emergency Motion Under Rule 6(h) for Writ of Mandamus are moot.
 
 
 11
 The defendant's request that this court order that her supervised release be transferred to Georgia is dismissed for lack of jurisdiction. The judgment of the district court is AFFIRMED.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3